IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ILLIA KORNEA,<br>          *Plaintiff,*<br><br>           v.<br><br>FANNIE MAE, FEDERAL NATIONAL MORTGAGE ASSN., J. P. MORGAN CHASE BANK, and DOES 1-10,<br>          *Defendants.* | CIVIL ACTION<br>NO. 20-2647 |

**PAPPERT, J.**                                                                                         **October 6, 2020**

### MEMORANDUM

Illia Kornea asserts claims regarding the alleged failure to disclose information about his mortgage. Defendants Federal National Mortgage Association ("Fannie Mae") s/h/a "Fannie Mae, Federal National Mortgage Assn." and JPMorgan Chase Bank, N.A. ("Chase") s/h/a "J. P. Morgan Chase Bank" move to dismiss his Amended Complaint. (ECF 2.) The Court grants their motion.

I

Kornea, who is self-represented, alleges that he received a letter from Chase, his mortgage loan servicer, in June 2012 explaining that the loan for his property at 6314 Fernwood Avenue, Bensalem, Pennsylvania 19020 had been "sold into a public security managed by Fannie Mae" and Chase was "authorized by the security to handle any related concerns" on its behalf. (Am. Compl., ECF 1-3, at ¶ 7; *see also id.*, Ex. LS-1, ECF 1-3, at 16.) The letter provided the investor's address, but not its name. (*Id.* at ¶ 7.) Almost seven years later, in May 2019, Kornea called Fannie Mae seeking the actual loan holder's identity and was told the information could not be given to him over the phone. (*Id.* at ¶ 13.) He then sent a registered letter to Fannie Mae

requesting his loan owner's name, address and phone number. (*Id.*) Fannie Mae did not respond. (*Id.*) He sent a second registered letter seeking the same information. (*Id.* at ¶ 14.) Fannie Mae did not respond. (*Id.*) Kornea also sent a letter to Chase asking for the same information. (*Id.* at ¶ 15.) In a letter response, Chase stated that Kornea's loan could "be transferred between investors over its life, but the current investor [wa]s: Fannie Mae." (*Id.*)

In October 2019, Kornea sued Fannie Mae in state court, asserting a single claim under Section 1641 of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641. (*See* Compl.*,* ECF 1-1.) The state court sustained Fannie Mae's preliminary objections, dismissed his claim as time barred, struck his punitive damages claim and granted leave to file an Amended Complaint. (*See* ECF 2-4.) Kornea filed an Amended Complaint, adding Chase as a Defendant, and Chase removed the action to this Court. (ECF 1.)

In Count I of his Amended Complaint, Kornea claims Fannie Mae is withholding loan information to which he is entitled and asserts a right to know "the party who first received his loan from his original lender, what they did with it and [to] who or what they transferred legal interest . . . ." (Am. Compl. at ¶ 18 (emphasis omitted.) He contends this right "is a justifiable cause of action" against Fannie Mae," but omits any references to TILA. (*Id.* at ¶¶ 17-22.) Instead, he asserts that "[i]f the Court is aware of [a] statute applicable to this situation it is [the Court's] duty to so apply it in the interests of [j]ustice to" him. (*Id.* at ¶ 19.) In Count II, Kornea asserts a TILA claim against Chase for its alleged failure to disclose the true owner of his mortgage. (*See id.* at ¶¶ 27-28, citing 15 U.S.C. § 1641.) He seeks to compel Fannie Mae and Chase to

disclose the allegedly withheld information and to "be made whole" for "the loss brought on by" their actions.  (*Id.* at ¶¶ 22, 31.)

II

To satisfy Rule 12(b)(6) of the Federal Rules of Civil Procedure, Kornea's Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the Amended Complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face."  *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* (quoting *Connelly*, 809 F.3d at 786-87).

III

Kornea complains that Fannie Mae failed to provide him with required

3

information regarding the transfer of his mortgage but does not direct the Court to any statutory or common law basis for his claim. Notwithstanding his assertion that he "has brought no action against Fannie Mae under [TILA]," (Pl.'s Rebuttal Mem., ECF 10, at 1), the statute remains the only avenue for his claim. TILA requires creditors who are new owners or assignees of mortgage debt to notify borrowers of the ownership transfer in writing. *See* 15 U.S.C. § 1641(g) and § 1641(f)(2). However, claims pursuant to Section 1641 are subject to a one-year statute of limitations. *See* 15 U.S.C. § 1640(e). Kornea learned about the sale of his mortgage into a Fannie Mae-managed public security on June 19, 2012. (Am. Compl. ¶ 7.) He sued Fannie Mae seven years later. (Compl.) Nothing in the Amended Complaint alters the state court's determination that Kornea's claim against Fannie Mae is barred by TILA's one-year statute of limitations. He cannot avoid the conclusion that he does not have a timely claim against Fannie Mae simply by removing references to TILA. The Court must apply "the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999). Any amendment would be futile.

IV

Count II of Kornea's Amended Complaint relies on the language of TILA Section 1641(f)(2), which imposes a disclosure obligation on loan servicers who have been assigned loan obligations solely for administrative convenience. (Am. Compl. ¶ 23.) *See* 15 U.S.C. § 1641(f)(2); *see also Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 719 (6th Cir. 2013) ("TILA expressly exempts servicers from liability unless the servicer was also a creditor or a creditor's assignee."). *Cf., Hartman v. Deutsche Bank Nat'l Tr. Co.*, No.

07-5407, 2008 WL 2996515, at *2 (E.D. Pa. Aug. 1, 2008) ("TILA provides that a servicer . . . cannot be liable as an assignee unless it 'is or was the owner of the obligation.'") (quoting 15 U.S.C. § 1641(f)(1)).  However, Kornea alleges only that Chase is the servicer of his loan, and not a servicer-assignee.  (Am. Compl. ¶¶ 7, 24.)  He has not alleged enough facts to show that Chase had any obligation to provide the information Section 1641(f)(2) requires.  And, even if he had, Chase met TILA's obligations in its June 3, 2019 letter responding to Kornea's request for information by providing "the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."  15 U.S.C. § 1641(f)(2).  (See Pl.'s Am. Compl., Ex. CLR, ECF 1-3 at 26.)  Kornea fails to state a claim against Chase and amendment of his claim against it would be futile.

     An appropriate Order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.